IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLYDE IGARASHI, MICHELLE IGARASHI, and others similarly situated named herein as DOES 10 through 1000, inclusive<br><br>Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>Defendants. | CIVIL NO. 19-00083 JAO-KJM<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Presently before the Court are Defendant CIT Bank, N.A.'s ("CIT")[1] and Defendant Deutsche Bank National Trust Company as Trustee for Harborview Mortgage Loan Trust 2006-14's ("Deutsche Bank") Motions to Dismiss, ECF Nos. 18 and 29.[2] For the reasons discussed below, the motions are GRANTED.

---

[1] CIT was formerly known as OneWest Bank.
[2] ECF 29 was brought by Deutsche Bank along with Mortgage Electronic Registration Systems, Inc.; Merscorp; Homeward Residential Inc.; Ocwen Loan Servicing, LLC; Ocwen Financial Corporation; and Ocwen Mortgage Servicing, Inc.

## I. BACKGROUND

### A. The Complaint

Plaintiffs' 59-page Complaint offers few relevant facts. As discussed more fully below, the Complaint does not provide a "short and plain statement of the claim," and does not identify the allegations in a "concise" and "direct" manner. Fed. R. Civ. P. 8. Tediously lengthy and containing drawn-out sections asserting argumentative conclusions about Defendants, the Complaint does not expressly and clearly identify the factual conduct that forms the basis for the claims. Nor does the Complaint clearly identify the claims Plaintiffs assert, or even which Defendants' conduct gives rise to the claims. Further, most of the Complaint is irrelevant. *See, e.g.*, Pls.' Compl., ECF No. 1 ("Complaint") ¶¶ 62–71.

Putting aside the irrelevant allegations, it appears that in 2006 Plaintiffs received a mortgage from IndyMac Bank to purchase their home. *Id.* ¶ 131. In 2013, Ocwen began servicing the loan *Id.* ¶ 134. At some point, Plaintiffs fell behind on their mortgage payments, but in April 2015, Plaintiffs paid Ocwen $43,980 to bring their mortgage payments up to date. *Id.* ¶ 137. In June 2015, Deutsche Bank brought a foreclosure action against Plaintiffs, but dropped the foreclosure action a few months later. *Id.* ¶ 143. Then in April 2017, Deutsche Bank filed another foreclosure action against Plaintiffs, which is currently pending in state court. *Id.* ¶ 144.

The Complaint appears to allege that Defendants engaged in a series of fraudulent or illegal transfers of the mortgage, and that Deutsche Bank is not legally entitled to foreclose on Plaintiffs' home. *Id*. The Complaint asserts that various Defendants "file[d] false documents," *id.* ¶ 147, failed to notify the Plaintiffs in writing that their loan was sold or transferred, *id.* ¶¶ 177, 182, 194, failed to deal with Plaintiffs in good faith, *id.* ¶ 183, failed to properly account for mortgage payments made by Plaintiffs, *id.* ¶¶ 146–147, and made false statements in a certain Prospectus that violated securities laws, *id.* ¶ 213.

The Complaint asserts ten causes of action: Count 1 asserts negligence; Count 2 asserts fraud; Count 3 alleges a claim for "Cancellation of a Voidable Contract under Rev & Tax Code §§ 23304.1, 23305A and Violation of Hawaii Code Title 23 Corporation and Partnerships 414 Hawaii Business Corporation Act."; Count 4 seeks an order cancelling the allegedly invalid assignment of the deed of trust; Count 5 asserts wrongful foreclosure, which includes a claim under the Real Estate Settlement Procedures ACT ("RESPA") for failing to notify Plaintiffs of a transfer of the servicing rights of Plaintiffs' mortgage; Count 6 alleges breach of the implied covenant of good faith and fair dealing; Count 7 asserts unjust enrichment; Count 8 asserts claims under the Truth in Lending Act ("TILA"), the Hawaiʻi Debt Collection Practices Act, the Hawaiʻi Unfair and Deceptive Acts or Practices Act, and the Hawaiʻi Uniform Deceptive Trade

Practices Act; Count 9 seeks quiet title to Plaintiffs' home; Count 10 alleges "Negligent Representation" under 33 U.S.C. § 931, and for a violation of the Securities Act of 1933. *Id.* at 41–57. Several of the causes of action allege more than one ground for relief. *See, e.g.*, *id.* ¶¶ 189–201 (eighth cause of action asserts both Hawai'i statutory violations as well as a violation of TILA). It is unclear which causes of action Plaintiffs assert against which Defendants, because the Complaint attributes many of the factual allegations to all Defendants generally. For example, although Plaintiffs assert their Tenth Cause of Action against only "Foreclosing Defendant Ha[r]borview Mortgage Loan Trust 2006-14," *id.* at 55, that count alleges behavior committed by the "Foreclosing Defendants" and IndyMac. *See id.* ¶¶ 207–208.

Plaintiffs' Complaint also vaguely raises numerous claims without any specific allegations. The Complaint asserts that the action "is brought to redress statutory violations" under numerous federal statutes, including the Racketeer Influenced and Corrupt Organizations Act, Mail and Wire Fraud statutes, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Home Ownership Equity Protection Act, and the Fair Credit Billing Act. *Id.* at 2. But Plaintiffs do not mention these statutes anywhere else in the Complaint and do not assert them within their ten specified causes of action. At the hearing, Plaintiffs conceded that

4

their only federal claims are pursuant to RESPA, TILA, the Securities Act of 1933, and the Fair Debt Collection Practices Act ("FDCPA").

### B. Procedural History

Plaintiffs brought this action on February 14, 2019. Defendant CIT Bank filed its motion to dismiss on March 13, 2019, arguing that the Complaint fails to meet the minimum pleading standards and that the Complaint fails to state a claim upon which relief can be granted. ECF No. 18. The remaining Defendants filed a joint motion to dismiss on March 27, 2019, also arguing that the Complaint fails to meet the minimum pleading standards and that the Complaint fails to state a claim upon which relief can be granted. ECF No. 29. Plaintiffs filed their opposition to both motions on May 24, 2019. ECF Nos. 41, 42. Defendants filed replies on May 31, 2019. ECF Nos. 45, 46.

## II. LEGAL ANALYSIS

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "On a motion to dismiss, the court accepts the facts alleged in the complaint as true." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). But conclusory allegations of law, unwarranted

deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000).

### III. DISCUSSION

#### A. Compliance with Pleading Requirements

Both motions to dismiss assert that the Complaint fails to comply with the requirements of Federal Rule of Civil Procedure 8, by failing to sufficiently identify the claims asserted, failing to sufficiently identify which Defendants each claim is asserted against, and failing to provide adequate notice of the factual allegations giving rise to each claim. ECF No. 18 at 14–15; ECF No. 29 at 6. The Court agrees.

Pursuant to Rule 8, complaints must include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The purpose of Rule 8 is at least in part to "give the defendant[s] fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Courts have found that complaints run astray of this purpose when they fail to concisely, directly, and clearly identify: the claims asserted, each defendant the claims are asserted against, and the specific factual allegations that give rise to

6

each claim. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996); *Sasaki v. Inch*, 18-cv-00270-DKW-KJM, 2019 WL 2094428, at *2, 2019 U.S. Dist. LEXIS 80590 (D. Haw. May 13, 2019); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014).

Similarly, a complaint may also violate Rule 8 where it includes so much irrelevant, redundant or confusing information that "its true substance, if any, is well disguised." *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008). The Ninth Circuit has explained why requiring concise and direct allegations in a complaint is so important, and the troubles that befall litigants and courts if claims proceed on inadequately pled complaints:

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected. . . . The judge wastes half a day in chambers preparing the "short and plain statement" which Rule 8 obligated plaintiffs to submit. He [or she] then must manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

*McHenry*, 84 F.3d at 1179–80.

7

Complaints that fail to meet Rule 8's pleading requirements are subject to dismissal at the discretion of the Court. *Renshaw v. Renshaw*, 153 F.2d 310, 310–11 (D.C. Cir. 1946). But unless "it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Further, because Plaintiffs proceed pro se here, the Court must construe their complaint liberally and "afford the petitioner the benefit of any doubt." *Fifer v. U.S.*, 649 F. App'x 426, 428 (9th Cir. 2016) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121, 1123 (9th Cir. 2012).

Just as in *McHenry*, the Complaint here amounts largely to "storytelling" and "griping." 84 F.3d at 1176. And the Complaint asserts nearly all the claims against all Defendants without tying specific allegations of specific Defendants to the specific claims alleged.[3]

For these reasons, except as otherwise noted, the Court **DISMISSES** the Complaint **WITH LEAVE TO AMEND**. In any amended complaint filed, Plaintiffs must address the deficiencies described below. *See Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987) (requiring district courts to

---

[3] Moreover, fraud allegations require heightened particularity under Federal Rule of Civil Procedure 9(b). *See, e.g.*, *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).

8

explain to pro se litigants the deficiencies in their complaint so that they may use the opportunity to amend effectively).

First, Plaintiffs should not identify claims they do not wish to assert. On page two of the Complaint, Plaintiffs state that their action "is brought to redress statutory violations" under a wide range of federal statutes, including the Racketeer Influenced and Corrupt Organizations Act, Mail and Wire Fraud statutes, the Truth-in-Lending Act, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Home Ownership Equity Protection Act, and the Fair Credit Billing Act. Compl. at 2. At the hearing, however, Plaintiffs stated that they only intend to assert federal claims under RESPA, TILA, the Securities Act of 1933, and the FDCPA.

Second, Plaintiffs must adequately identify which claims are alleged against which Defendants. The Complaint alleges Counts 1 through 8 against the "Foreclosing Defendants," which the Complaint defines as all Defendants. Compl. at 4, 41–51. The Complaint attributes many of the factual allegations to the "Foreclosing Defendants" generally, without specifying what conduct of each Defendant forms the basis for which claims. *See, e.g.*, Compl. ¶¶ 150–156.

Third, Plaintiffs must adequately specify the factual allegations supporting each claim. The Complaint makes broad and sweeping

9

generalizations but does little to allege specific facts, committed by specific Defendants. For example, Plaintiffs' fraud claim (Count 4) asserts that "Foreclosing Defendants concealed material facts known to them but not to Plaintiffs regarding payments, notices, assignments, transfers, late fees and charges with the intent to defraud plaintiffs." Compl. at 43. But Plaintiffs must specify with particularity what material facts were concealed, by whom, and the "circumstances constituting fraud." Fed. R. Civ. P. 9(b).

Lastly, Plaintiffs should exclude irrelevant information. Most of the Complaint is irrelevant background information that is immaterial to the claims Plaintiffs assert. The Complaint attempts to recount a pervasive fraud perpetrated by the mortgage and foreclosure industry for over a decade, but it is unclear how these general allegations relate to Plaintiffs' claims in this case.[4] *See* Compl. at 5–38. By including so much general and irrelevant information, it is difficult for the Court to decipher the actual specific allegations that form the basis for the claims. If Plaintiffs elect to

---

[4] Plaintiffs copied portions of their Complaint from other sources available online. For example, paragraphs 13 to 122 are largely identical to a complaint filed in 2011 in the Middle District of Tennessee. *See* Complaint For Ex Parte Application for Temporary Restraining Order at 4–30, *Collins v. Mortg. Elec. Registration Sys., Inc.*, No. 3:11-cv-00264 (M.D. Tenn. March 22, 2011), ECF No. 1; *see also* Neil Garfield, LIVINGLIES GARFIELD FIRM, *Why Securitisation is Illegal Under U.S. And Common Law*, March 15, 2010, available at https://livinglies.me/tag/true-sale/ (containing identical language to paragraphs 123 through 125 of the Complaint). The copied portions appear to be irrelevant to Plaintiffs' claims.

file an amended complaint, it should not contain information irrelevant to the claims asserted.

### B. Standing Under the Securities Act of 1933 (Count 10)

Plaintiffs' Securities Act claim (Count 10), alleges that the Defendants made misrepresentations in violation of 15 U.S.C. § 77k and 77l. *See* Compl. ¶¶ 206–217. Defendants move to dismiss the Securities Act claims on the grounds that Plaintiffs did not purchase a security and thus have no standing to sue. The Court agrees.

"Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, provides a cause of action to any person who buys a security issued under a materially false or misleading registration statement." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106 (9th Cir. 2013). Thus, parties that never purchased the misrepresented security have no standing to sue under § 77k. *See, e.g.*, *In re Countrywide Financial Corp. Sec. Litig.*, 588 F.Supp.2d 1132, 1164 (C.D. Cal. 2008); *see also Hertzberg v. Dignity Partners, Inc.*, 191 F.3d 1076, 1080–81 (9th Cir. 1999). The same is true under 15 U.S.C. § 77l. *See Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959 at 965 (9th Cir. 1990). Here, Plaintiffs have not alleged that they purchased any security, *see* Compl. ¶¶ 206–217, and conceded as much at the hearing. Plaintiffs therefore do not have standing to sue under the Securities Act.

In the Opposition, Plaintiffs appear to argue that because they may bring a RICO claim based on Defendants' "unlawful securitization process," their Securities Act Claim also prevails. *See* ECF No. 42 at 19–20. But Plaintiffs have only brought a Securities Act claim, not a RICO claim, and their argument does not address Securities Act standing requirements.

The Court therefore **DISMISSES** Plaintiffs' Securities Act claim (Count 10), **WITH PREJUDICE**.

    **C.    Plaintiffs' "Negligent Representation" Claim (Count 10)**

Plaintiffs also assert in Count 10 a "Negligent Representation" claim under 33 U.S.C. § 931. Compl. at 55. During the hearing, however, Plaintiffs stated that they only bring federal claims under RESPA, TILA, the Securities Act of 1933, and the FDCPA. In any event, 33 U.S.C. § 931 is part of the Longshore and Harbor Workers' Compensation Act and provides penalties for willful misrepresentations to obtain "a benefit or payment under [the Longshore and Harbor Workers' Compensation Act]." 33 U.S.C. § 931(a)(1). The claim is frivolous for obvious reasons: this case has nothing to do with admiralty law or workers' compensation for longshoreman and harbor workers. The Court therefore **DISMISSES** the "Negligent Representation" claim (Count 10) **WITH PREJUDICE**.

D. **Statute of Limitations**

i. **RESPA Claim (Count 5)**

Plaintiffs' RESPA claim (Count 5), appears to rest on a violation of 12 U.S.C. § 2605, which requires mortgage servicers to notify borrowers of a servicing transfer. *See* Compl. ¶ 178 (citing to RESPA regulations on service transfer notice under 12 C.F.R. § 1024.33(b)(1)). Under 12 C.F.R. § 1024.33(b)(1), mortgage servicers "shall provide to the borrower a notice of transfer for any assignment, sale or transfer of the servicing of the mortgage loan" at least fifteen days before the transfer. 12 C.F.R. § 1024.33(b)(1). Plaintiffs appear to allege that Ocwen never notified them when Ocwen became the new servicer of their loan, although they do not explicitly plead as much. *See* Compl. ¶ 178. But Plaintiffs acknowledge that they received a letter from Ocwen on February 19, 2015 (which they attached to the Complaint) stating that Ocwen was then servicing the loan. *See* Compl. ¶ 136; ECF No. 1-3 [Compl. Ex. B]. Defendants move to dismiss the RESPA claim on statute of limitations grounds. *See* ECF No. 29-1 at 15–16.

Where "the running of the statute [of limitations] is apparent on the face of the complaint," a court may grant a motion to dismiss. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). RESPA claims for failure to notify of a service transfer are subject to a three-year statute of

limitations commencing "from the date of the occurrence of the violation." 12 U.S.C. § 2614. Here, Plaintiffs allege that "[o]n or about November 11th, 2013, Ocwen acquired the servicing rights to Plaintiffs' loan from IndyMac Mortgage Servicers." Compl. ¶ 134. Thus, the alleged RESPA violation occurred on or about fifteen days before November 11, 2013, more than three years before Plaintiffs filed their Complaint. Furthermore, even if the statute of limitations tolled until Plaintiffs were able to discover the violation,[5] their claim remains time-barred. Even assuming that February 19, 2015 is the date the statute of limitations began to run, Plaintiffs did not file suit until February 14, 2019, roughly four years later. It is therefore apparent from the face of the Complaint that the statute of limitations bars Plaintiffs' RESPA claim against Ocwen for failing to notify Plaintiffs of Ocwen's acquisition of the servicing rights to Plaintiffs' mortgage.

The Court therefore **DISMISSES WITH PREJUDICE** Plaintiffs' RESPA claim against Ocwen.

---

[5] Plaintiffs' Opposition asserts that "[b]ecause of all the uncertainty as to the validity and ownership and possession of the Note and Mortgage, the statute should not toll." ECF No. 42 at 6. The Court interprets this as an argument that Ocwen's failure to notify Plaintiffs prevented them from discovering the violation, and therefore the statute of limitations *should* toll. *See generally Perry v. CashCall, Inc.*, No. C 13-02369 LB, 2014 WL 1028486 at *5 (N.D. Cal. March 17, 2014) (tolling of RESPA claim "may be appropriate if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim") (citations and internal quotations omitted).

14

### ii. TILA Claim (Count 8)

Count 8 of Plaintiffs' Complaint alleges a TILA violation, citing to 12 C.F.R. § 1026.39. *See* Compl. ¶ 194. Under the statute and implementing regulations, a TILA notice violation occurs when: (1) a mortgage is transferred triggering the duty to notify; and (2) the new owner of the mortgage fails to provide adequate notice within 30 days. *See* 12 C.F.R. § 1026.39; 15 U.S.C. § 1641(g). Plaintiffs allege that all Defendants "failed to notify Plaintiffs within the 30-calendar day window" of the transfer, but Plaintiffs fail to specifically allege any transfer triggering the TILA notice requirements. Compl. ¶ 194.

Defendants move to dismiss the TILA claim on statute of limitations grounds. *See* ECF No. 29-1 at 17. Under 15 U.S.C. § 1640(e), plaintiffs must file TILA claims within one year "from the date of the occurrence of the violation." However, the Court cannot address the statute of limitations issue at this time because Plaintiffs have not clearly identified the alleged transfers of the mortgage on which they base their TILA violations. Thus, Plaintiffs have failed to state a

TILA violation. The Court therefore **DISMISSES** Plaintiffs' TILA claim (Count 8) with **LEAVE TO AMEND**.[6]

### iii. FDCPA Claim

At the hearing, Plaintiffs maintained that they believe they have pled a cause of action under the FDCPA. However, the only mention of the FDCPA in Plaintiffs' entire Complaint is on page two, where they state that their "action is brought to redress statutory violations pursuant to" numerous federal statutes, including the FDCPA. Compl. at 2. Defendants move to dismiss the un-numbered FDCPA claim pursuant to Rule 8. ECF No. 29-1 at 14; ECF No. 18-1 at 14–16. Defendants also argue that Plaintiffs have failed to plead any facts showing that the Defendants are "debt collectors" under the FDCPA. ECF No. 29-1 at 18–19.

The Court agrees with Defendants that the FDCPA claim is insufficiently pled. Plaintiffs' have not offered any factual assertions supporting their FDCPA claim, and as discussed above, the Complaint does not contain a "short and plain

---

[6] The Court notes also that in their Opposition, Plaintiffs assert that because they "have raised their claim in recoupment or set-off," the statute of limitations does not apply. ECF No. 42 at 16. But Plaintiffs' TILA claim is not a recoupment defense. To establish a recoupment defense, Plaintiffs "must show that (1) the TILA violation and the debt are products of the same transaction, (2) the debtor asserts the claim as a defense, and (3) the main action is timely." *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 634 (5th Cir.1986) (citing *In re Smith*, 737 F.2d 1549, 1553 (11th Cir.1984)). Here, however, the asserted TILA violation—a failure to notify Plaintiffs of a transfer—and the original mortgage debt giving rise to the foreclosure are not products of the same transaction, and Plaintiffs do not bring the TILA violation as a defense to a debt collection action.

statement of the claim." Fed. R. Civ. P. 8(a)(2). Thus, the Court is unable to identify allegations sufficient to proceed on an FDCPA claim.

The Court therefore **DISMISSES** any FDCPA claim **WITH LEAVE TO AMEND**.

## IV. CONCLUSION

For the Foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss. Plaintiffs' RESPA, Securities Act, and "Negligent Representation" claims, contained in Counts 5 and 10, are **DISMISSED WITH PREJUDICE**. The remainder of Plaintiffs' Complaint is **DISMISSED WITH LEAVE TO AMEND**. If Plaintiffs choose to file an amended complaint, they must file a new complaint that cures the deficiencies discussed in this Order by August 17, 2019.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, July 17, 2019.

Jill A. Otake
United States District Judge