ORIGINAL

CLYDE IGARASHI
MICHELLE IGARASHI
95-228 ANUANU PLACE
MILILANI, HAWAII 96789
PRO SE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 23 2019
at 10 o'clock and 16 min. A.M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CLYDE IGARASHI, MICHELLE IGARASHI, and others similarly situated named herein as DOES 10 through 1000, inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY; HARBORVIEW MORTGAGE LOAN TRUST 2006-14; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND MERSCORP, collectively as MERS; OCWEN FINANCIAL CORPORATION, AND OCWEN LOAN SERVICING, LLC., AND OCWEN MORTGAGE SERVICING, INC., AND HOMEWARD RESIDENTIAL, INC., collectively as *Ocwen*; ONEWEST BANK, FSB a division of CIT BANK; ROYAL BANK OF SCOTLAND GROUP, PLC, AND RBS FINANCIAL PRODUCTS, INC., *collectively as RBS*; JOHN DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10 and DOE GOVERNMENTAL UNITS 1-10,<br><br>Defendants. | Case No. CV 19-00083-JAO-KJM<br><br>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2006-14, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERS CORP, OCWEN FINANCIAL CORPORATION, OCWEN LOAN SERVICING, LLC, OCWEN MORTGAGE SERVICING, INC., AND HOMEWARD RESIDENTIAL INC.'S MOTION TO DISMISS AMENDED COMPLAINT |

## <u>PLAINTIFFS' RESPONSE TO DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2006-14, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP, OCWEN FINANCIAL CORPORATION, OCWEN LOAN SERVICING, LLC, OCWEN MORTGAGE SERVICING, INC., AND HOMEWARD RESIDENTIAL INC.'S MOTION TO DISMISS AMENDED COMPLAINT</u>

The Defendants' Motion to Dismiss is baseless and without merit. The Motion to Dismiss (Doc. 60) should be rejected for want of claim and justifiable merit. This frivolous Motion to Dismiss should be rejected with prejudice based on the arguments presented herein and that may be presented at the time of hearing.

## ARGUMENTS

1. **The Court must consider the Amended Complaint in its entirety when evaluating a Motion to Dismiss for Failure to State a Claim:** Consideration of the Complaint as a whole demonstrates that it meets the requirements established under the Federal Rules. A review of the entire Complaint reveals that the Complaint in no way relies upon mere legal conclusions but contains a detailed factual account of Defendants' illegal practices and thereby proves involvement of all parties. It is well established that "[c]ourts must consider the complaint in its entirety, as well as other

sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss[.]" Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)); Magulta v. Samples, 375 F.3d 1269, 1274-75 (11th Cir. 2004) (when reviewing a motion to dismiss for failure to state a claim, courts should read the complaint in its entirety); 5 Wright & Miller, Federal Practice and Procedure § 1286 (3d ed. 2004); 5B Wright & Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). Here, the Complaint presents a detailed recitation of Plaintiffs' assertions that more than satisfies the pleading requirements. Mere headings or paragraphs in the Amended Complaint should not be construed against the purpose for which the complaint was filed. "[A] complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). The Amended Complaint is in compliance with the order of this Court and has sufficiently laid down the claims against each of the parties clearly.

The facts have been provided for the Court's consideration and allegations against the Defendants have been set forth.

2. **Claims against the Defendants have been clearly stated:** The Plaintiffs herein state that they are in full compliance with the requirements of Local Rules and the order of this court in filing of the Amended Complaint. The facts have been clearly stated to prove the involvement of each Defendant, including that of DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2006-14, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., MERSCORP, OCWEN FINANCIAL CORPORATION, OCWEN LOAN SERVICING, LLC, OCWEN MORTGAGE SERVICING, INC., AND HOMEWARD RESIDENTIAL INC. Under Hawaii's "notice pleading" approach, it is "no longer necessary to plead legal theories with . . . precision." Leslie v. Estate of Tavares, 93 Hawai'i 1, 4, 994 P.2d 1047, 1050 (2000). "Hawaii's rules of notice pleading require that a complaint set forth a short and plain statement of the claim that provides defendant with fair notice of what the plaintiff's claim is and the grounds upon which the claim rests. Pleadings must be construed liberally." In re Genesys Data Technologies, Inc., 95 Hawai'i 33, 41, 18 P.3d 895, 903 (2001) (internal citations omitted); see also Hall v. Kim, 53 Haw. 215, 221, 491 P.2d 541,

545 (1971) ("[i]t is not necessary to plead under what particular law the recovery is sought").

3. **Liberal Construction of pleadings:** The Plaintiffs respectfully state that they submitted the Amended Complaint and are proceeding Pro Se in the matter. "The Court must liberally construe Plaintiff's pleadings because she is proceeding pro se." Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). Considering the circumstances, the Plaintiffs urge this court to allow for liberal construction of pleadings and to allow the Amended Complaint to be taken into account as a whole and to admit the Amended Complaint to serve the purpose for which it has been filed. The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))

4. **This Court has full and appropriate Jurisdiction to adjudge the case on its merits:** The Defendants motion to dismiss is based on arguments that this Honorable court does not have Jurisdiction. The Plaintiff respectfully submits that this court has complete jurisdiction over the Amended Complaint based on the facts stated and laws cited therein. The Amended Complaint clearly states and mentions, amongst and not limited to other contentions, that the assignment may have been fraudulently made. The

Amended Complaint itself and on the face of it states that there is a high likelihood that the note and assignment of it may have been tampered with. Under the given circumstances, the court has full authority to allow this Complaint to move forward to trial and judgment. The Plaintiffs therefore, most respectfully urge this court to utilize its power and authority to deny this frivolous Motion to Dismiss the Amended Complaint and allow the Amended Complaint to be tried for its contentions. The Defendants' motion to dismiss is based on the assumption that upon dismissal of Federal Claims, the remaining matters fall under state law and will be pleaded in a conclusory manner before any such order has been passed by this court. The Defendant's contention that the Amended Complaint does not contain a statement that references the disputed amount is unwarranted and wrong. The Plaintiff have mentioned the property in subject matter and the facts leading to this present Complaint in a detailed manner so as to allow this court to take notice of the complete situation. The Amended Complaint has ample references to the amounts deposited and owed as a result of the mortgage creation. The Amended Complaint has attachments including but not limited to the note itself, additional notices, communications and correspondences that took place including the proofs of payment which are enough to allow this court to hear this matter under the Diversity Jurisdiction

provision considering that the subject matter is $75,000 or more even if the jurisdiction as claimed in other circumstances may be barred. Furthermore, the Defendants state that the Amended Complaint is filed as a defense to the foreclosure in state court. This is not true. The Plaintiffs have once already been victims of Defendants filing a false action for foreclosure against the Plantiffs even when the accounts were settled and no claim arose as a result. Subsequently, Plaintiffs find themselves in a similar situation where the foreclosure proceedings have been instituted again even when the foreclosing Defendants do not have any right to do so based on the fact that the entire transaction being fraudulently made is void. Under the circumstances, Plaintiffs are hence before the court with the Amended Complaint to allow for proper recourse and reliefs.

WHEREFORE, Plaintiffs have pled their Amended complaint and have properly addressed the Motion to Dismiss and move this Honorable court to deny Defendant's Motion to Dismiss with prejudice and allow for trial based on the Amended Complaint.

WHEREFORE, should this Court decide that Plaintiffs failed to properly plead the Amended Complaint, Plaintiffs move this Court to allow Second Amendment of their Amended Complaint and proceed with discovery.

WHEREFORE, Plaintiffs request that this Honorable court may grant such other relief as the court deems just and appropriate.

## DECLARATION

We, Clyde Igarashi and Michelle Igarashi do declare under penalty of law that the foregoing is true and correct.

Respectfully Submitted by undersigned Plaintiffs at Mililani, Hawaii on this date of October 22, 2019

_____
Clyde Igarashi


_____
Michelle Igarashi